[No. A125585. First Dist., Div. Four. Feb. 25, 2010.]

VICKIE ELLIOTT, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and THE
NEWSGROUP OF SACRAMENTO et al., Respondents.

COUNSEL

Gearheart & Otis and Mark E. Gearheart for Petitioner.

William A. Herreras and Marguerite Sweeney for California Applicants' Attorneys Association as Amicus Curiae on behalf of Petitioner.

Neil P. Sullivan and Vincent Bausano for Respondent Workers' Compensation Appeals Board.

Shaw, Jacobsmeyer, Crain, Claffey and Nix, Paul D. LeVeque and Kevin L. Shaw for Respondent Newsgroup of Sacramento and Gallagher Bassett Services, Inc.

OPINION

**REARDON, J.**—In *State Comp. Ins. Fund v. Workers' Comp. Appeals Bd.* (2008) 44 Cal.4th 230, 233–234 [79 Cal.Rptr.3d 171, 186 P.3d 535] (*State Comp.*), our Supreme Court clarified that when an employer is faced with deciding whether to approve or deny the treatment recommendation of an injured worker's physician, it *must* conduct utilization review pursuant to Labor Code[1] section 4610. By the same token the employer *cannot*, as an alternative to utilization review, dispute the treatment request under the general dispute resolution framework set forth in section 4062, subdivision (a) (section 4062(a)).

In this case we are asked to clarify the dispute resolution procedure that comes into play when the employee's treating physician specifically recommends *spinal surgery* but the employer's utilization review decision is to deny treatment. As we explain, special procedures and timeframes govern this situation calling for the *employer* to instigate the spinal surgery second opinion process detailed in section 4062, subdivision (b) (section 4062(b)); however, they were not followed in this case. Instead, the Workers' Compensation Appeals Board (WCAB or board) ruled that under *Brasher v. Nationwide Studio Fund* (2006) 71 Cal.Comp.Cases 1282 (*Brasher*), when an employer responds to a treating physician's recommendation for spinal surgery by timely denying that request pursuant to its utilization review, the *employee* must object to the denial and the dispute will then be resolved under section 4062(b). Because petitioner Vickie Elliott did not object to the utilization review denial or seek a spinal surgery second opinion report, the board decided her employer was not obligated to provide the requested spinal surgery.

---

[1] All statutory references are to the Labor Code unless otherwise specified.

After this matter became fully briefed, the WCAB issued its en banc decision in *Cervantes v. El Aguila Food Products, Inc.* (2009) 74 Cal.Comp.Cases 1336 (*Cervantes*), explicitly denouncing the *Brasher* holding relied on by the WCAB in this case. We, too, reject that holding, reverse the decision of the WCAB, and remand with directions that the board immediately order respondents[2] to authorize the requested spinal surgery or object to the treating physician's spinal surgery recommendation under section 4062(b) within 10 days of receipt of the order, thereby commencing the spinal surgery second opinion process.

## I. BACKGROUND

The facts are not in dispute. In June 2005, Vickie Elliott was employed as a working merchandiser supervisor for The Newsgroup. While stocking and moving merchandise, stacked totes of magazines fell on Elliott. Her primary treating physician referred Elliott to Dr. Robert Rovner, a spine surgeon, who recommended spinal surgery on May 20, 2008. The faxed documents were received by Gallagher Bassett, The Newsgroup's workers' compensation claims administrator, on May 21, 2008. Gallagher Bassett submitted the request through the "Utilization Review process." By a document dated May 29, 2008, Dr. Kelly Agnew issued an opinion denying the requested lumbar fusion.

At the time of the denial, Elliott was not represented by an attorney. No one notified Elliott of any requirement to request a spinal surgery second opinion or file an objection to the utilization review denial. Nor did The Newsgroup submit a request for a second spinal surgery opinion.

Dr. Rovner appealed the denial and on August 1, 2008, a different doctor issued a second utilization review denial.

Elliott retained counsel at the end of August 2008. Counsel demanded that respondents immediately authorize the proposed spinal surgery, asserting that the denial was untimely and invalid. Further correspondence delved into the requirements governing spinal surgery recommendations. In January 2009 counsel filed a declaration of readiness to proceed to an expedited hearing.

The workers' compensation judge found that the utilization review denial was timely; respondents did not seek a spinal surgery second opinion after the utilization review denial as required by sections 4062(b) and 4610, subdivision (g)(3)(A) (section 4610(g)(3)(A)); respondents did not notify

---

[2] We refer to The Newsgroup of Sacramento (The Newsgroup) and Gallagher Bassett Services, Inc. (Gallagher Bassett), as respondents.

Elliott of any requirement to file a written objection to the utilization review denial within 10 days of that denial; and more than 45 days passed since the original request for spinal surgery. Accordingly, the workers' compensation judge ordered respondents to authorize the requested spinal surgery "forthwith."

Respondents petitioned for reconsideration, arguing that they properly denied Elliott's request for spinal surgery following the utilization review, in keeping with *State Comp.* and the procedures set forth in the significant panel decision[3] in *Brasher.* Under respondents' view, an employer is entitled to rely and rest upon its utilization review denial of the request for spinal surgery. Therefore, the onus is on the *employee* to commence the process for procuring a second spinal surgery opinion under section 4062(b). Elliott countered that under *State Comp.*, the procedures set forth in *Brasher* are no longer valid. Further, sections 4610 and 4062 mandate that it is the *employer* who must request a second opinion following denial pursuant to the utilization review. The WCAB agreed with respondents, granted reconsideration and rescinded the workers' compensation judge's order directing respondents to authorize the spinal surgery. This petition for writ of review followed.

## II.  DISCUSSION

### A.  *Introduction*; State Comp. *Decision*

Reacting to escalating workers' compensation costs, the Legislature passed Senate Bill No. 228 (2003–2004 Reg. Sess.), effective January 1, 2004. This legislation enacted omnibus reform of the workers' compensation scheme. Pertinent here are (1) the statutory utilization review process set forth in section 4610,[4] and (2) specific procedures for resolving disputes about spinal surgery requests, featured in section 4062(b). The following year, Senate Bill No. 899 (2003–2004 Reg. Sess.), passed as urgency legislation, continued the

---

[3] Unlike en banc decisions of the WCAB, significant panel decisions are not binding precedent in workers' compensation proceedings. (Cal. Code Regs., tit. 8, § 10341.) However, the WCAB does deem them to be of "significant interest and importance to the workers' compensation community." (*Larch v. Workers' Comp. Appeals Bd.* (1999) 64 Cal.Comp.Cases 1098, 1099.) The intent is that publication of significant panel decisions would augment the body of binding appellate court and en banc decisions, and thus a panel decision is not significant unless (1) it entails an issue of general interest, especially a new or recurring issue about which there is little or no published case law; (2) all WCAB members review the decision and agree that it is significant; and (3) the board takes care to ensure that the decision is "thoroughly deliberated and carefully researched." (*Id.* at p. 1100.)

[4] "Utilization review" is the process through which employers "prospectively, retrospectively, or concurrently review and approve, modify, delay, or deny, based in whole or in part on medical necessity to cure and relieve," physician-recommended medical treatment services for injured employees. (§ 4610, subd. (a).)

reforms. Among many other things, this bill changed the general dispute resolution process set forth in section 4062(a).

■ Examining legislative intent spurring these reforms, the *State Comp.* court explained that the new utilization review structure created by the Legislature balances the twin interests of speed and accuracy. While the system emphasizes quick resolution of treatment requests, it allows employers to pursue additional time if more information is needed to make a decision; and, significantly, medical review is *required* before a utilization review doctor can modify, delay or deny a treatment request. (*State Comp., supra,* 44 Cal.4th at pp. 241, 243–244, citing § 4610, subds. (e), (g)(1), (5).)

Specifically, section 4610 requires *every* employer to establish a complying utilization review process governed by written policies and procedures ensuring that decisions about proposed medical treatment services are consistent with specific, approved treatment standards, guidelines and schedules. (§§ 4600, 4610, subds. (b), (c).) Further, the statute mandates that only *licensed physicians* who are competent to evaluate the particular clinical issues involved can modify, delay or deny requests for treatment. (§ 4610, subd. (e).) As well, treatment decisions must be made expeditiously, not to exceed five working days from the date of receipt of information "reasonably necessary" to make the decision, but in any event no later than 14 days from the date of the treatment request. (*Id.,* subd. (g)(1).)[5] However, if the employer does not have all the information reasonably necessary and requested, or requires expert consultation, or has asked for an additional examination that is reasonable and consistent with sound medical practice, the employer must immediately notify the physician and employee and specify an anticipated date of receipt. Upon such receipt, the employer shall approve, modify or deny the authorization. (§ 4610, subd. (g)(5).)

Where the request is not approved in full, disputes are resolved in accord with section 4062. (§ 4610(g)(3)(A).) However, if a request to perform spinal surgery is denied, disputes are resolved in accord with section 4062(b). (§ 4610(g)(3)(A).)

■ The *State Comp.* court concluded, in light of the comprehensive nature of section 4610 and the goals of controlling costs while ensuring workers' access to prompt, quality, standardized care, that the Legislature intended for employers to use the statutory utilization review process "to review and resolve *any and all requests* for treatment . . . ." (*State Comp.,*

---

[5] Different timeframes apply where the employee faces an imminent and serious threat to his or her health. (§ 4610, subd. (g)(2).)

*supra*, 44 Cal.4th at p. 237, italics added.) Thus, an employer may not elect to bypass utilization review and instead invoke the section 4062(a) provisions to dispute an employee's treatment request. (*State Comp., supra*, at p. 237.) This is so because the section 4062(a) dispute procedure is not available to employers to object to a treating physician's medical determination concerning medical issues "subject to Section 4610." (§ 4062(a).) On the other hand, the same statute *allows employees* to invoke section 4062(a) to resolve disputes concerning an *employer's* section 4610 utilization review decision to modify, delay or deny a treatment recommendation.

■    In her concurring opinion, Justice Kennard made it clear that sections 4610 and 4062 establish a two-step process for settling medical treatment disputes. Utilization review is a threshold procedure governing the employer's evaluation of whether to approve or deny the treating physician's recommendation. (*State Comp., supra*, 44 Cal.4th at pp. 245–246 (conc. opn. of Kennard, J.).) Because any decision to delay, modify or deny a treatment request must be consistent with detailed treatment guidelines, that decision must be made by a qualified licensed physician. (§ 4610, subd. (e).) A dispute does not legally arise unless the employer prompts the utilization review in a timely fashion. Where that process leads to a modification, delay or denial of the requested treatment, the employee is the aggrieved party. In all cases except those recommending spinal surgery, the employee may invoke the section 4062(a) dispute resolution mechanism. (§§ 4062(a), 4610(g)(3)(A); see *State Comp., supra*, 44 Cal.4th at p. 246 (conc. opn. of Kennard, J.).)

## B.    *Spinal Surgery Requests*

■    The step one utilization review process is the same for all treatment requests, including those for spinal surgery. However, the Legislature has devised a separate, fast-track method for determining spinal surgery disputes in the face of a utilization review denial of a request for spinal surgery. In a nutshell, utilization review denials for spinal surgery trigger an expedited second opinion process, which itself is triggered by the employer's postutilization review *objection* to the treating physician's recommendation.

■    Section 4062(a) specifically provides that *employer objections* to a treating physician's recommendation for spinal surgery, after denial of the physician's recommendation pursuant to the utilization review procedures detailed in section 4610, *shall be subject to section 4062(b)*. In line with this provision, section 4610(g)(3)(A) also states: "If a request to perform spinal surgery is denied, *disputes shall be resolved in accordance with subdivision (b) of Section 4062*." (Italics added.)

Section 4062(b) in turn states that "[t]he *employer* may object to a report of the treating physician recommending that spinal surgery be performed within 10 days of the receipt of the report." (Italics added.) Where, as here, the employee is unrepresented at that time, the statute calls for the administrative director[6] to randomly select a surgeon "to prepare a second opinion report resolving the disputed surgical recommendation." (§ 4062(b).) The evaluation occurs on an accelerated basis, with the second opinion report to be served within 45 days of the original surgical request. (*Ibid.*) Moreover, the second opinion physician must be a "licensed board-certified or board-eligible orthopedic surgeon or neurosurgeon . . . ." (*Ibid.*)

Under the governing regulations, the employer's objection to the treating physician's recommendation for spinal surgery must be served on the administrative director and lodged on the prescribed "DWC Form 233" which, not surprisingly, is designed only for completion and submission by the employer. (Cal. Code Regs., tit. 8, §§ 9788.1, 9788.11.)

## C. *Analysis*

Disregarding the plain language of the above statutes, the WCAB in the present case ruled that if the request for spinal surgery is denied under the utilization review process, it is the *employee's* obligation to seek a spinal surgery second opinion report under section 4062(b), citing *Brasher. Brasher*, a pre-*State Comp.* decision, held that in response to a treating physician's spinal surgery recommendation, an employer has four options: (1) authorize the surgery; (2) object pursuant to section 4062(b) by filing a DWC Form 233 within 10 days of receipt of the recommendation; (3) submit the recommendation to utilization review; or (4) pursue both options (2) and (3), either simultaneously or by filing an objection after a utilization review denial, meeting the deadlines for each process. (*Brasher, supra*, 71 Cal.Comp.Cases at p. 1282.) The WCAB in *Brasher* further concluded that *if* the employer conducts the utilization review and the recommended surgery is denied, it is then incumbent *on the employee* to object *under section 4062(a)*[7] if the employee still wants the surgery. (*Brasher, supra*, 71 Cal.Comp.Cases at

---

[6] The administrative director is the Director of the Division of Workers' Compensation. (§ 3206.)

[7] Section 4062(a) is the general provision governing employee objections to a utilization review decision. It does not delineate a second opinion reporting process to resolve a disputed recommendation. Rather, after timely notice of objection to the employer, in cases where the employee is represented by an attorney, the matter is resolved through the comprehensive medical evaluation process outlined in section 4062.2. An unrepresented employee, on the other hand, selects a physician to prepare a medical evaluation from a panel of three qualified medical evaluators provided by the administrative director. (§ 4062.1, subd. (b).)

p. 1287.) Section 4062(a) ordinarily would give the employee 20 days to notify the employer of his or her objection to an unfavorable utilization review decision. However, section 4610(g)(3)(A) directs that disputes over denials of spinal surgery shall be resolved under section 4062(b), which only dictates a procedure for *employers* to object, which objection must be commenced within 10, not 20, days. Given the specificity of the expedited procedures for spinal surgery, and acknowledging that it carved out an employee objection responsibility through a "convoluted" system that started the employee on a section 4062(a) track and then switched over to the section 4062(b) track, the *Brasher* panel concluded that the employee would have to object to a utilization review denial within 10 days from receipt of the denial, rather than the general 20-day timeframe set forth in section 4062(a). (*Brasher, supra*, 71 Cal.Comp.Cases at pp. 1287–1288.)

■ The *Brasher* panel improperly distorted sections 4062 and 4610 to legislate an employee duty that was nowhere to be found in the statutory scheme. The statutes and regulations make it abundantly apparent that where there is a dispute about the treating physician's recommendation for spinal surgery, it is the employer, not the employee, who must initiate the request for a second spinal surgery opinion.

■ Contrary to the process created by the *Brasher* panel, objections to a treating physician's recommendation for spinal surgery are pursued by the employer in the following manner: When an employee's treating physician recommends spinal surgery, the employer must channel that request through its utilization review process. During that process a physician, contracted by the employer or its insurer, evaluates the treatment request. If the physician decides to deny the request, a dispute arises which must be resolved in accordance with section 4062(b). That statute and the governing regulations require the employer to object to the treating physician's recommendation within 10 days of receipt of the request, in compliance with sections 9788.1 and 9788.11 of California Code of Regulations, title 8. At no point does this scheme place the onus on the employee to initiate the second spinal surgery report.

■ We further point out that as a matter of statutory construction, a specific provision relating to a particular subject will govern that subject as against a general provision. (Code Civ. Proc., § 1859; *Miller v. Superior Court* (1999) 21 Cal.4th 883, 895 [89 Cal.Rptr.2d 834, 986 P.2d 170].) While section 4062(a) states the general rule for employee objections to utilization review decisions that modify, delay or deny a treatment recommendation, the language of section 4062(a) and (b) and section 4610(g)(3)(A) carves out a

specific rule for spinal surgery cases calling for a postutilization review *employer objection* to the treating physician's recommendation. It makes sense that the legislative reforms impose the duty to institute the spinal surgery second opinion procedure on the employer: The employer is in the best position to inform the worker of his or her rights as well as to implement the second opinion process with the administrative director within the expeditious timeframes outlined in the statutory scheme.

On November 19, 2009, the WCAB issued its en banc decision in *Cervantes*, explicitly rejecting the *Brasher* rule that, when an employer denies spinal surgery, the *employee* must timely object under section 4062(a), and thereafter is "switched over to the section 4062(b) track." (*Cervantes, supra,* 74 Cal.Comp.Cases at p. 1350 & fn. 13.) Pointedly, the *Cervantes* court acknowledges that in the present case, the WCAB panel had followed the repudiated *Brasher* holding which the entire board, including the panelists deciding Elliott's case, now rejects. (*Ibid.*)

The WCAB in *Cervantes* underscores that section 4062(b) "unequivocally provides that it is the *defendant* that may initiate that statute's spinal surgery second opinion procedure," which is confirmed by the unambiguous language of section 4062(a) providing that *employer objections* to recommendations for spinal surgery are subject to subdivision (b). (*Cervantes, supra,* 74 Cal.Comp.Cases at p. 1345.) The employer's objection may be made only after the treating physician's request has been denied by utilization review. The board explained: "It may seem redundant to provide for a defendant to object again after its own [utilization review] has just denied the spinal surgery request, but in the context of spinal surgery this is exactly what sections 4062(b) and 4062(a) specify. The legislative framework for spinal surgery cases is simply different than it is for non-spinal surgery cases because, at every step, section 4062(b) places the onus on the defendant." (*Cervantes, supra,* 74 Cal.Comp.Cases at p. 1345.) The statute recognizes only employer objections to a treating physician's spinal surgery recommendation, and in line with this allocation of responsibility to the employer to pursue the spinal surgery second opinion process, also requires the employer to file a declaration of readiness to proceed with a hearing before the WCAB if the second opinion report does not recommend surgery. (§ 4062(b).)

Finally, *Cervantes* clarifies that the employer must both complete its own utilization review and make its section 4062(b) objection within 10 days of receiving the treating physician's report recommending spinal surgery. (*Cervantes, supra,* 74 Cal.Comp.Cases at pp. 1351–1352.) First, section 4062(b) requires the employer to object to the spinal surgery recommendation

within 10 days of receiving the report. Second, section 4062(a) states that these employer objections are "subject to subdivision (b), *and after denial of the physician's recommendation, in accordance with Section 4610.*" (Italics added.) In sync, section 4610(g)(3)(A) provides that if utilization review *denies* the spinal surgery request, disputes shall be resolved in accord with section 4062(b). These three statutory provisions, taken together, make it clear that the spinal surgery second opinion process commences *after* utilization review has denied the requested spinal surgery.[8] The utilization review scheme does not mandate a 10-day turnaround time, but 10 days is consistent with the requirement that "[p]rospective or concurrent decisions shall be made in a timely fashion that is appropriate for the nature of the employee's condition, not to exceed five working days from the receipt of the information reasonably necessary to make the determination, but in no event more than 14 days from the date of the medical treatment recommendation by the physician." (§ 4610, subd. (g)(1).)

## D. *Remedy*

Elliott urges that in light of respondents' failure to initiate the second opinion process, and the inevitable lapse of the 45-day timeline to complete the second opinion report, we should order them to provide the recommended spinal surgery. As the WCAB observed in *Cervantes*, where the employer fails to meet the 10-day timeframe to object to a spinal surgery recommendation, there is no longer any "disputed surgical recommendation" to be resolved within the meaning of section 4062(b). Therefore, the employer must authorize the spinal surgery. (*Cervantes, supra,* 74 Cal.Comp.Cases at p. 1354.) However, the board remanded to give the defendant the opportunity to object to the spinal surgery recommendation and commence the spinal surgery second opinion process because the defendant's actions at the time were fully consistent with *Brasher* and there was no binding authority disapproving *Brasher*'s declaration that it was the worker's obligation to timely object under section 4062(b). (*Cervantes, supra,* at p. 1355.) So, too, here respondents followed *Brasher* while it was still viable law. We similarly conclude that the appropriate remedy is to reverse the WCAB's decision and remand with directions immediately to order respondents either to authorize the spinal surgery or to initiate the second opinion process within 10 days of its order.

---

[8] This holding comports with Justice Kennard's reasoning that utilization review is the employer's mandatory, threshold procedure for evaluating a treatment request and no dispute arises to be resolved under any part of section 4062 until that review denies, modifies or delays the recommended treatment. (*State Comp., supra,* 44 Cal.4th at pp. 245–246 (conc. opn. of Kennard, J.).)

## III. DISPOSITION

We reverse the WCAB's decision after reconsideration and remand with directions as stated above.

Ruvolo, P. J., and Rivera, J., concurred.